IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GABRIEL MYRTHIL,

    Plaintiff,

v.                                     CASE NO. 5:11-cv-128-RS-GRJ

TWO UNKNOWN NAMED FEDERAL
ACTORS OF THE FEDERAL BUREAU
OF PRISONS AT FCI MARIANNA,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner incarcerated at FCI Marianna, initiated this case by filing a complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Doc. 1. He seeks leave to proceed as a pauper. Doc. 2. Upon careful consideration of the Complaint, it is recommended that this case be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C § 1915(e)(2)(B)(ii).

## BACKGROUND

Plaintiff contends that on March 26, 2011, while he was incarcerated at FCI Marianna, two unknown federal actors denied entry to individuals who wanted to visit Plaintiff. Plaintiff avers that FCI Marianna was placed on lock down status on March 23, 2011. A memorandum attached to Plaintiff's complaint (Doc. 1, Exh. 1) indicates that Warden Paige Augustine informed the inmate population on March 24, 2011 that due to a serious assault on an inmate, the facility was on lock down and would "not resume normal operations until reasonably certain it is safe to do so." Plaintiff states

that on March 26, 2011, FCI Marianna was still on lock down status but some inmates' visitors were permitted entry. Plaintiff alleges that one federal officer allowed other visitors in the facility but told his visitors to wait for approval from a higher ranking officer. Plaintiff alleges that the second federal officer questioned Plaintiff's visitors about who they came to see and how they had traveled and then denied them entry. Plaintiff provides no details about his visitors. Plaintiff alleges that the decision to deny him visitation on March 26, 2011 but to allow other visitors was a violation of the Equal Protection Clause and his due process rights. Plaintiff asserts that rather than a member of a protected class, he is a "class of one." Plaintiff admits that he has not exhausted administrative remedies but alleges that under *McCarthy v. Madigan,* 503 U.S. 140 (1992), because he is pursuing a *Bivens* claim and only seeks money damages, he is not required to exhaust the grievance procedure before seeking judicial review. For relief, Plaintiff seeks $130,000 in damages. Doc. 1.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2), "notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted."

To state a claim for relief that will survive a motion to dismiss or screening by the Court, a plaintiff must make factual allegations that are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*.; *Ashcroft v.*

*Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds* by *Iqbal*).

In *Bivens*, the Supreme Court held that injured plaintiffs can bring a cause of action for damages against individual federal officers based on violations of constitutional rights. *Bivens* involved alleged violations of the Fourth Amendment, but the Supreme Court has also allowed *Bivens* actions for violations of other constitutional rights. *See Davis v. Passman*, 442 U.S. 228 (1979) (equal protection component of the Fifth Amendment's Due Process Clause); *Carlson v. Green*, 446 U.S. 14 (1980) (Eighth Amendment's cruel and unusual punishments clause).

## **EXHAUSTION**

Plaintiff admits that he "has not exhausted administrative remedies in this action before the courts." Doc. 1. The Prisoner Litigation Reform Act of 1995, 42, U.S.C. § 1997e(a), requires a prisoner to exhaust all available administrative remedies before filing an action challenging prison conditions. "This requirement is a 'pre-condition to suit' that must be enforced even if the available administrative remedies are 'futile or

inadequate.'" *Logue, v. Pearson*, 2011 U.S. Dist. LEXIS 66950, *2-3 (S.D. Ga. 2011) (citing *Harris v. Garner*, 190 F.3d 1279, 1285-86 (11th Cir. 2005)). Exhaustion is mandatory under the PLRA, and unexhausted claims are not permitted. *See Jones v. Bock*, 549 U.S. 199, 211 (2002). Proper exhaustion requires completion of the grievance process as established by BOP regulations. *See Lambert v. United States*, 198 F. App'x 835, 840 (11th Cir. 2006).

Despite Plaintiff's claims to the contrary, the exhaustion requirement does apply to *Bivens* claims for monetary damages. *Alexander v. Hawk*, 159 F.3d 1321, 1324 (11th Cir. 1998) (noting the limited nature of the pre-PLRA statute as described in *McCarthy v. Madigan* and distinguishing those limitations due to subsequent legislative amendments to § 1997e). As noted, Plaintiff concedes in the Complaint that he has not completed the administrative remedy process that is available at FCI Marianna. Although the § 1997e exhaustion requirement is an affirmative defense, when "an affirmative defense appears on the face of a prisoner's complaint, thereby revealing that the prisoner cannot state a claim, the PLRA continues to require a district court to dismiss the complaint." *Okpala v. Drew*, 2007 WL 2407040 (11th Cir. Aug. 24, 2007) (unpublished) (citing *Jones v. Bock*, 549 U.S 199, 215 (2007)). Accordingly, this case must be dismissed pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

## **DUE PROCESS CLAIM**

Notwithstanding Plaintiff's failure to exhaust his claim, he fails to state a claim for a constitutional violation. Plaintiff's due process claim cannot proceed unless he establishes that he had a liberty interest in visitation. Prisoner constitutional rights

regarding conditions of confinement are implicated only where the alleged government actions impose an atypical and significant hardship on the inmate compared to the normal incidents of prison life.  *See Sandlin v. Conner,* 515 U.S. 472, 483-84 (1995). Plaintiff's alleged single incident of visitation rights, on a day he admits the prison was in lock down status, falls within the ordinary incidents of confinement and does not rise to the level of an atypical or significant hardship.  *See Id.; Caraballo-Sandoval v. Honsted,* 35 F.3d 521, 525 (11th Cir. 1994); *Henry v. Department of Corrections,* 131 Fed. Appx. 847, 849 (3d Cir. 2005) ("Courts have held that a loss of visitation privileges is one of the 'ordinary incidents' of prison confinement."); *Ware v. Morrison,* 276 F.3d 385, 287 (8th Cir. 2002) (finding an inmate's loss of visitation privileges with his wife, for 18 months, was within the ordinary incidents of confinement).  Thus, Plaintiff has failed to state a due process violation.

## EQUAL PROTECTION CLAIM

Plaintiff asserts a "class of one" equal protection claim, and he is required to allege that there was no rational basis for him being treating differently than other inmates who were permitted visitation on March 26, 2011.  *See Griffin Industries, Inc. v. Irvin,* 496 F.3d 1189, 1202 (11th Cir. 2007).  Plaintiff contends that there is no rational basis for the federal actors' decision to deny his visitors entry and as evidence of this points to an incident on July 3, 2010, when FCI Marianna was on lock down status and Plaintiff was allowed visitation.  This is insufficient to state a claim for an equal protection violation.  Plaintiff avers that the facility was on lock down status when his visitors were allegedly denied entry.  Presumably, the reasons for each lock down will vary and the attendant security concerns will also vary.  This is sufficient to provide a

rational basis for denial of visitation.  The facility was in lock down status in order to maintain the safety of staff and inmates, and limiting the number of visitors is a reasonable action in light of the safety concerns that existed at the time.  Thus, Plaintiff has failed to state an equal protection violation.

## CONCLUSION

Plaintiff admits that he has failed to exhaust administrative remedies.  Furthermore, Plaintiff's complaint of a single denial of visitation while the facility was in lock down status following the assault and serious injury of an inmate does not rise to the level of a constitutional violation – Due Process, Equal Protection, or otherwise – that is cognizable in a *Bivens* claim.

Accordingly, it is respectfully **RECOMMENDED** that:

1.  The Complaint, Doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C § 1915(e)(2)(B)(ii).

2.  The Motion for Leave to Proceed In Forma Pauperis be **GRANTED** for the limited purposes of screening this claim.

**IN CHAMBERS**  this 10th day of October 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**
**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**